## In re VOXMAN.

(Supreme Court, Appellate Division, First Department. December 8, 1911.)

ATTORNEY AND CLIENT (§ 58*)—PROFESSIONAL MISCONDUCT—PUNISHMENT.

An attorney is properly suspended from practice for one year, where. after neglecting to take necessary steps to prosecute an appeal, for which he had accepted a $20 retainer, he misrepresented to his client that an appeal had been taken, and has attempted to sustain himself on disciplinary proceedings by false testimony.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 76–78; Dec. Dig. § 58.*]

Application of the New York County Lawyers' Association to discipline William Voxman, an attorney, for professional misconduct. Respondent suspended from practice.

See, also, 127 N. Y. Supp. 1148.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Hiram Thomas, for petitioner.

Emmet J. Murphy, for respondent.

PER CURIAM. The respondent is charged with professional misconduct, there being three charges. The first is: That about May 7, 1910, the respondent was retained by one Victor Geen to take and prosecute appeals from two Municipal Court judgments against him in the Municipal Court of the city of New York. that the respondent undertook to take and prosecute said appeals, and received from said Geen the sum of $20, for which he gave a receipt, which recites that the respondent had received $20 for the purpose of appealing the case of Geen v. Curtis, tried on April 20, 1910, in the Second municipal district, borough of the Bronx. The respondent failed to take such appeal, and the result was that Geen was compelled to pay the amount of the judgment against him. That after the time expired in which to take the appeal the respondent failed to inform the said Geen that the appeal had not been taken, but, on the contrary, told him that the appeals had been taken; and in the latter part of May, 1910, Geen first learned that no appeals had been taken and that the time to appeal had expired, whereupon he demanded that the respondent repay the $20, but the respondent failed to do so until threatened that complaint against him would be made to the New York County Lawyers' Association, whereupon he paid the money. The second charge was: That on July 14, 1910, the respondent repaid the said Geen the $20 paid to the respondent to procure the appeal, and then and there signed a receipt for $20. That after said receipt was signed, the respondent, without the knowledge and consent of said Geen, altered said receipt by making it a receipt "in full for all claims of Mr. Geen against me." The third charge was: That when the respondent appeared before the subcommittee of the petitioner's committee on discipline he willfully made to said subcommittee a false statement, namely, that when he received from Geen the sum of $20 he did not know that the said action had been tried on April 20, 1910.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The case was referred to the official referee, who has made his report sustaining the first and third charges against the respondent, but reporting that it cannot properly be said that it appears from a fair preponderance of testimony that the respondent is guilty of the charge of having altered said receipt without the knowledge or consent of said Geen. It is quite apparent from the testimony that the words "in payment in full of all claims against me" were inserted in the receipt after it had been drawn up; the question being whether they were inserted before or after it was signed. The charge is attempted to be sustained by the testimony of Geen and his son. Geen cannot read English, and had to depend upon his son's statement as to what the receipt contained at the time he signed it. The respondent expressly swears that he inserted these words in the receipt after he had drawn it up, but before it was signed; and he is corroborated by the testimony of his brother-in-law, at whose suggestion the words were inserted, and by another person who was present. It appeared from the testimony before the referee that the respondent was admitted to practice in June, 1909. The respondent admits that he received $20 and agreed to prosecute this appeal, and gave a receipt, annexed to the petition, on Saturday, May 7, 1910; that that receipt was in his own handwriting; that at the time this receipt was given he thought that the trial had taken place on the 14th or 15th of April. He further testified that his wife had been taken sick, and taken to the hospital on the 4th of May, but that she was better on the 7th, when this receipt was given; that on Monday, May 9th, he was called to the hospital, as his wife was worse; that he was also at the hospital on the next day, Tuesday; that he went to a former attorney for the plaintiff, and the following Wednesday to the courthouse, but found that the time to appeal had expired. He then says that he was not familiar with the practice in relation to taking appeals; that he had never taken an appeal at that time in the Municipal Court, or any other court; that he had never had any experience; that he did not know that the time within which an appeal must be taken in the Municipal Court was 20 days, and did not know that he could not have the time extended; that after he found that the time to appeal had expired he examined the question, and found that in consequence of his delay his client had lost his right to appeal; that his wife remained in the hospital until the 18th of May, and he was there every day. He then testified that he wrote a letter to Geen on the 17th of May, stating that he was sorry that he could not take up Geen's appeal in time; that if Geen would call that night he would explain it more fully; and that Geen and his wife called a day or two after. The receipt of this letter Geen and his wife deny, and also deny that he called at any time on the 14th of April, after he discovered that no appeal had been taken, and the referee has found against the respondent. The respondent also testified that at that time he offered to return the $20, but that Geen refused to take it, demanding more money; that finally, on July 12th, Geen again came, and after some discussion the $20 was paid and this receipt was given.

On this charge the important question before the referee was

whether the respondent had informed Geen that he had not taken the appeal, or, for some time after the appeal had expired, had informed him that he had taken the appeal, and that no offer to return the money was made until the marshal had attempted to collect the judgment in the actions from which the appeal was to have been taken about the 14th of July. Upon that question the referee has found against the respondent. An examination of the testimony given by the respondent before the referee, in connection with the report of the referee, satisfies us that the respondent was not truthful in his testimony before the referee, and that the finding of the referee is amply sustained by the evidence. Geen undoubtedly lost his right to appeal in consequence of the culpable negligence of the respondent. It is entirely clear that the respondent knew of the date of the judgment in the Municipal Court, for its date is inserted in the receipt that he gave at the time he received the $20. His wife had been sick for several days before this receipt was given. Certainly, if her condition was such as to render him unable to protect his client, he should not have accepted a retainer. His treatment of his client after he discovered that his time to appeal had expired cannot be commended. The claim that he wrote a letter and sent it by mail to his client, when he was in the habit of sending to him directly across the street from where the respondent lived, is not credible. The respondent testifies to a series of interviews with Geen immediately after writing this letter. The referee, however, has found that the respondent failed to inform Geen that the appeal had not been taken, but, on the contrary, had represented to Geen and his family that the appeal had been taken and that the respondent did not repay the $20 until threats had been made that it would be referred to the petitioner herein. The referee has thus expressly found that the respondent has endeavored to meet the charges by false testimony.

This is the serious aspect of the case. What, undoubtedly, is the truth, is that the respondent, after accepting a retainer and receiving the $20 from Geen, neglected to take the necessary steps to prosecute the appeal in time, and then endeavored to escape from the consequences by a prevarication, and has attempted to sustain himself by false testimony. The only question presented is as to the penalty which should follow. We are satisfied that this respondent's testimony is not true; but, considering the many interviews between the respondent and Geen, there is a possibility that the respondent, in testifying to these interviews that took place after he had ascertained that the appeal had not been taken in time, may have been to some extent confused as to May and July.

On the whole case, we have concluded that, instead of inflicting the extreme penalty of disbarment, the respondent should be suspended from practice for one year, and until restored by further order of the court.